THIRD DEPARTMENT, MARCH, 1996

(March 4, 1996)

■ In the Matter of MARY ANN SMITH, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [639 NYS2d 140] —Per Curiam.

By petition dated June 21, 1995, petitioner Committee on professional Standards accused respondent of violating the

Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8) (22 NYCRR 1200.3). Petitioner alleged that while acting as an office manager (after her interim suspension) in the law office of Susan E. Rodems, Esq., respondent wrote checks against the office business account, signing Rodems' name to them, and then issued the checks, all without obtaining Rodems' authorization (charge I); converted funds from Rodems' business account, in violation of DR 1-102 (A) (4), (5), (8) (charges II and III); and failed to cooperate with petitioner, in violation of DR 1-102 (A) (5), (8). Respondent's answer denied most of the charges.

After a hearing at which respondent did not appear, the Referee sustained the charges except for specification 2 of charge III; specification 1 of charge III has been withdrawn by petitioner. Petitioner moves to confirm the report. Respondent has not appeared on the motion.

During a period when respondent was experiencing much personal and professional turmoil (including a marital separation and the accusations of professional misconduct which led to her suspension by this Court), Rodems befriended her, took her into her home (along with respondent's teenage son), helped her financially, and even entrusted her with the management of her law office. Respondent betrayed that trust and friendship by issuing checks Rodems had not authorized and signing Rodems' name to the checks, albeit the checks were for legitimate business expenses. Much more seriously, respondent also issued some checks, including checks that had been pre-signed by Rodems, to pay certain personal expenses, all without authorization by Rodems, thereby converting at least $1,526 of Rodems' law office funds. In addition, respondent has not accorded petitioner the full and prompt cooperation to which it is entitled during petitioner's investigation of Rodems' complaint.

Respondent's misconduct is mitigated by the various stresses which may have clouded her judgment and perception of her authority as an office manager. Nevertheless, respondent's conversion of office funds cannot be excused by her personal problems. In aggravation of her misconduct, we note that respondent has not shown an interest in her fate as an attorney: her participation in this matter has been limited to a brief response to one of petitioner's letters, a phone call, and a brief answer to the petition. We also note respondent's current suspension.

In view of the above, we find respondent guilty of the professional misconduct charged and specified in the petition, except

insofar as charge I accuses respondent of violating DR 1-102 (A) (5) and except with respect to specifications 1 and 2 of charge III; the petition is dismissed in these respects. We grant petitioner's motion to confirm the Referee's report in accordance with such findings of guilt. We further conclude that, to deter similar misconduct and to preserve the reputation of the Bar, respondent's current suspension should be extended for an additional two years.

Mercure, J. P., White, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that respondent be and hereby is found guilty of the professional misconduct charged and specified in the petition, except insofar as charge I accuses respondent of violating DR 1-102 (A) (5) (22 NYCRR 1200.3) and except with respect to specifications 1 and 2 of charge III; and it is further ordered that petitioner's motion to confirm the Referee's report be and hereby is granted, in accordance with the findings of guilt herein; and it is further ordered that respondent be and hereby is suspended from practice for an additional two years, and until further order of this Court; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and she hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another of an opinion as to the law or its application, or of any advice in relation thereto.